**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONALD GENE GARST,

Defendant - Appellant.

No. 13-3047
(D.C. No. 5:12-CR-40109-JAR-1)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Mr. Donald Gene Garst pleaded guilty to one count of bulk cash smuggling

under 31 U.S.C. § 5332. This count involved Mr. Garst's concealment of $150,000

in a shipping box and his attempt to send the box from Afghanistan to Kansas without

complying with currency reporting requirements.[1] Accepting the plea, the district

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. The case is therefore ordered submitted without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    *See* 31 U.S.C. § 5316(a)(1)(B) (2006) (requiring individuals to report monetary transfers into the United States exceeding $10,000).

court sentenced Mr. Garst to 30 months of imprisonment, imposed supervised release for one year, and fined him $52,117.37.

Mr. Garst's appointed counsel, Mr. Stephen Kessler, filed an appeal brief and motion to withdraw under *Anders v. California*.[2] *Anders* allows counsel to request permission to withdraw after examining the case and determining that any appeal would be wholly frivolous.[3]

In his *Anders* brief, Mr. Kessler states that he had been asked by Mr. Garst to raise two issues on appeal: (1) whether the district court had committed procedural error by raising the base offense (under the sentencing guidelines) by two levels,[4] and (2) whether Mr. Garst's counsel had been ineffective.[5] Mr. Kessler concludes that these grounds for appeal are frivolous.[6]

Mr. Garst responded *pro se*, agreeing with Mr. Kessler and asking us to dismiss the appeal.[7] In the response, Mr. Garst concedes that "he cannot say that the district court was erroneous in its preponderance findings based on the evidence presented by the government, but not properly rebutted by defense counsel."[8] He agrees that

---

[2]  *Anders v. California*, 386 U.S. 738 (1967).

[3]  *See id.* at 744.

[4]  *See* U.S. Sentencing Guidelines Manual § 2S1.3(b)(1) (2009).

[5]  Br. of Appellant at 2 (*Anders* Br.).

[6]  *Id.* at 12.

[7]  Appellant's Resp. to *Anders* Br. at 2.

[8]  *Id.* at 1.

"claims based on ineffective assistance of counsel are generally not raised on appeal, but [are] more appropriately pursued in a collateral attack pursuant to 28 U.S.C. § 2255."[9]

As required by *Anders*, we have examined the district court record to "decide whether the case is wholly frivolous."[10] Having done so, we conclude that an appeal would be frivolous. Thus, we grant Mr. Kessler's motion to withdraw and dismiss the appeal. The dismissal, however, would permit Mr. Garst to bring his claim of ineffective assistance of counsel under 28 U.S.C. § 2255.[11]

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[9]    *Id.* at 2.

[10]    *Anders*, 386 U.S. at 744.

[11]    *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003) (noting that in most cases, a claim for ineffective assistance of counsel should be brought under 28 U.S.C. § 2255 rather than on direct appeal).